AL–SITE CORP., Plaintiff,

v.

VSI INTERNATIONAL, INC. and
Myron Orlinsky, Defendants.

Al–Site Corp., Plaintiff,

v.

VSI International, Inc. and Myron
Orlinsky, Defendants.

Magnivision, Inc., Plaintiff,

v.

VSI International, Inc. and Myron
Orlinsky, Defendants.

Nos. 91–847–CIV, 92–2016–
CIV, 94–1920–CIV.

United States District Court,
S.D. Florida.

Aug. 31, 1999.

Stephen E. Nagin, Esq., Nagin, Gallop
& Figueredo, P.A., Miami, FL, Peter T.
Cobrin, Esq., Cobrin & Gittes, New York
City, for Plaintiffs.

Myles G. Cypen, Esq., Miami Beach,
FL, Robert S. Rigg, Esq., Mayer, Brown
& Platt, Chicago, Ill., for Defendants.

*MEMORANDUM OPINION AND OR-
DER ON THE ISSUE OF WILL-
FUL INFRINGEMENT*

HIGHSMITH, District Judge.

THESE CAUSES came before the
Court upon the memoranda submitted by
the parties on the issue of willful infringe-
ment. At a status conference held on July

29, 1999, the Court directed the parties to file said memoranda to assist the Court in determining whether the ruling of the Federal Circuit in *Al-Site Corp. v. VSI Int'l, Inc.,* 174 F.3d 1308 (Fed.Cir.1999) bars Plaintiffs Al-Site Corp. ("Al-Site") and Magnivision, Inc.'s ("Magnivision") claim for willful infringement by Defendant VSI International, Inc. ("VSI"). Having considered the parties' arguments, the Federal Circuit's opinion, and the record in these actions, the Court concludes that the plaintiffs' claim is barred.

In reversing the jury's finding that Defendant Myron Orlinsky, VSI's chairman and CEO, was personally liable for VSI's infringement of the plaintiffs' patents, the Federal Circuit made the following legal findings:

> Title 35 authorizes a finding that an officer of a corporation is personally liable for the corporation's acts of infringement. *See* 35 U.S.C. § 271(a) (1994); *Manville Sales Corp. v. Paramount Sys., Inc.,* 917 F.2d 544, 552, 16 USPQ2d 1587, 1593 (Fed.Cir.1990). Personal liability under § 271(a), however, requires sufficient evidence to justify piercing the corporate veil. *See id.* The corporate entity deserves respect and legal recognition unless specific, unusual circumstances justify disregarding the corporate structure. *See id.* The most common reason for disregarding the corporate structure is that the "corporation was merely the alter ego of its officers." *Id.*
>
> The record shows that Myron Orlinsky made the sole decision to continue using the hanger tags after VSI received cease and desist letters from Magnivision. The record, however, shows no further evidence of personal activity by Mr. Orlinsky. This evidence does not establish that Mr. Orlinsky overstepped his authority as CEO of VSI. Rather the record shows that Mr. Orlinsky acted consistent with his authority as CEO. Therefore, the record only supports the conclusion that Mr. Orlinsky acted within and according to the strictures of the corporate structure. The record shows no instance of the corporation operating as Mr. Orlinsky's alter ego. Thus, the record contains no evidence to justify piercing the corporate veil. *See, e.g., id.* at 553 ("Although these facts support the conclusion that the officers had knowledge of their acts, these acts were within the scope of their employment and thus were protected by the corporate veil.")
>
> Furthermore, after VSI received the cease and desist letter, Mr. Orlinsky consulted counsel before continuing to produce the Version 1 and 2 hanger tags. The record thus shows that Mr. Orlinsky acted pursuant to a good faith belief of noninfringement engendered by advice of counsel. Once again, this evidence does not justify rejecting legal recognition of the corporate structure. *See id.* at 553. In sum, the record does not contain sufficient evidence that Mr. Orlinsky acted outside of the scope of his employment or that he continued to manufacture the hanger tags knowing that they infringed Magnivision's patents.

*Al-Site,* 174 F.3d at 1331-32. The foregoing legal findings by the Federal Circuit are the "law of the case" in these actions.

According to the Federal Circuit:

> The issue of "willful" infringement measures the infringing behavior, in the circumstances in which the infringer acted, against an objective standard of reasonable commercial behavior in the

same circumstances. Willful infringement is thus a measure of reasonable commercial behavior in the context of the tort of patent infringement. The extent to which the infringer disregarded the property rights of the patentee, the deliberateness of the tortious acts, or other manifestations of unethical or injurious commercial conduct, may provide grounds for a finding of willful infringement and the enhancement of damages.

*Hoechst Celanese Corp. v. BP Chemicals, Ltd.,* 78 F.3d 1575, 1583 (Fed.Cir.1996) (citations omitted).

The Federal Circuit's legal findings with respect to Myron Orlinsky both support and compel the following conclusions, which go to the issue of VSI's alleged willfulness:

1. VSI acted solely through Orlinsky. Orlinsky was authorized to act for VSI. Hence, the acts of Orlinsky are the acts of VSI.

2. After receiving actual notice of Al–Site's and Magnivision's asserted patent rights, Orlinsky sought and obtained advice of legal counsel.

3. Orlinsky's post-notice conduct was predicated on a good faith belief of noninfringement engendered by the advice of counsel.

4. Orlinsky's post-notice conduct did not constitute "knowing" infringement of Al–Site's and Magnivision's asserted patent rights.

■ These findings are irreconcilable with the predicate required for a finding of willful infringement; i.e., disregard for the property rights of the patentee; deliberateness of the tortious acts; and other manifestations of unethical or injurious commercial conduct. Therefore, the Court concludes that the law of the case bars the plaintiffs' claim for willful infringement.

■ The plaintiffs argue that, despite the foregoing, a finding of willful infringement may be supported by a determination that the advice obtained by Orlinsky was not sufficiently competent or authoritative. This factor, however, would be relevant to the decision of whether Orlinsky acted in good faith. *See Central Soya Co., Inc. v. Geo. A. Hormel & Co.,* 723 F.2d 1573, 1577 (Fed.Cir.1983) ("While we recognize that counsel's opinion on validity is evidence to be weighted toward a determination of good faith, it is not dispositive."). In this case, Orlinsky's good faith has already been established.

Based on the foregoing considerations, it is

ORDERED ADJUDGED AND DECLARED that Plaintiffs Al–Site Corp. and Magnivision, Inc.'s claim for willful infringement by Defendant VSI International, Inc. is barred by the law of the case.

## ORDER

THESE CAUSES came before the Court upon the following motions filed by Plaintiffs Al–Site Corp. and Magnivision, Inc.:

1. Motion for reconsideration of the Court's Memorandum Opinion and Order on the Issue of Willful Infringement, dated August 31, 1999.

2. Motion for entry of judgment and certification, under Rule 54(b), as to the August 31, 1999 Order.

Upon a review of the parties' memoranda and the pertinent portions of the rec-

ord, the Court finds no basis for altering its August 31, 1999 ruling that Plaintiffs Al–Site Corp. and Magnivision, Inc.'s claim for willful infringement by Defendant VSI International, Inc. is barred by the law of the case. Moreover, the Court finds that the requirements for entry of final judgment on said claim, pursuant to Fed. R.Civ.P. 54(b), are not satisfied. Therefore, it is

ORDERED AND ADJUDGED that:

1. Plaintiffs' motion for reconsideration of the Court's Memorandum Opinion and Order on the Issue of Willful Infringement, dated August 31, 1999, is DENIED; and

2. Plaintiffs' motion for entry of judgment pursuant to Fed.R.Civ.P. 54(b) is DENIED.